**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| **ROYAL ALLIANCE ASSOCIATES, INC.,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action # 1:08cv449 LMB/JFA** |
|  | ) |
| **BRANCH AVENUE PLAZA, L.P.,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## ANSWER

COMES NOW Defendant, Branch Avenue Plaza, L.P., and submits the following Answer to the allegations and relief requested in the Complaint for Declaratory and Injunctive Relief filed by the Plaintiff. In Answer to the Complaint, Defendant states as follows:

1. The allegations contained in paragraph 1 of the Complaint are denied.

2. In regard to the allegations contained in paragraph 2 of the Complaint, Defendant admits that it filed an arbitration claim against the Plaintiff, attached as Exhibit A to the Complaint, which document speaks for itself.

3. In regard to the allegations contained in paragraph 3, Defendant denies that a merger or de-facto merger did not occur, denies that Royal Alliance did not assume the liabilities of United Securities, and states that Royal Alliance is the successor in interest to United Securities with regard to Defendant's arbitration claims against them and the associated liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 3 and therefore denies same and demands strict proof

thereof.

4. The allegations contained in paragraph 4 of the Complaint are denied.

5. The allegations contained in paragraphs 5 and 6 of the Complaint are admitted.

6. The allegations contained in paragraph 7 of the Complaint do not require an answer, but to the extent they do they are denied by Defendant.

7. The allegations contained in paragraphs 8, 9, and 10 are admitted.

8. The allegations contained in paragraph 11 are admitted.

9. The allegations contained in paragraph 12 are admitted, but Defendant states that the Statement of Claim speaks for itself and it contains many additional and more specific allegations.

10. The allegations contained in paragraph 13 are admitted, but Defendant states that the Statement of Claim speaks for itself and it contains many additional and more specific allegations.

11. The allegations contained in paragraph 14 are admitted, except that Defendant denies that the transaction between Royal Alliance and United Securities was solely an "asset purchase transaction." Defendant further states that the Statement of Claim speaks for itself and it contains many additional and more specific allegations which support the arbitration claim.

12. The allegations contained in paragraph 15 are admitted, but Defendant states that the Statement of Claim speaks for itself and it contains many additional and more specific allegations which support the arbitration claim.

13. The allegations contained in paragraph 16 are denied.

14. Defendant admits that the transaction which is the subject of the Statement of Claim

occurred in 2004.  The remainder of the allegations contained in paragraph 17 are denied.

15.  Defendant admits that FINRA's CRD record for Mr. Ackerman states that his registration with United Securities ended in 2005 and that he then became registered with Capwest Securities.  Defendant lacks knowledge or information regarding the truth of the remainder of the allegations in paragraph 18 and therefore denies same and demands strict proof thereof.

16.  The allegations contained in paragraph 19 and 20 are denied.

17.  Defendant denies the allegations contained in paragraph 21 because the quoted Rule is no longer a part of the FINRA Rules.  Rule 10301 was superseded by the new Customer Code (Rule 12000 series) on April 16, 2007.

18.  The allegations contained in paragraph 22 are denied.  The new FINRA Customer Code (Rule 12000 series) does not require that a customer be a customer "of" the Broker-Dealer who is a party to the arbitration.

19.  In regard to the allegations contained in paragraphs 23 and 24, Defendant denies that the only connection between United Securities and Royal Alliance is an asset purchase agreement and denies that Royal Alliance only acquired certain assets. Defendant lacks knowledge or information regarding the truth of the remainder of the allegations in paragraphs 23 and 24 and therefore denies same and demands strict proof thereof.

20.  Defendant states that Exhibit B speaks for itself, but does not agree with the legal conclusions stated in paragraphs 25, 26, 27, 28, 29, and 30, and Defendant further lacks knowledge or information regarding some of the factual allegations contained in paragraphs 25, 26, 27, 28, 29, and 30.  Defendant therefore denies the allegations contained in paragraphs 25,

26, 27, 28, 29, and 30.

21.  Defendant states that the documents referenced in paragraphs 31, 32, 33, 34, and 35 speak for themselves, and further states that Defendant lacks knowledge or information regarding the factual allegations contained in paragraphs 31, 32, 33, 34, and 35 and therefore denies the allegations contained in paragraphs 31, 32, 33, 34, and 35.

22.  Defendant denies the first sentence of paragraph 36 and lacks knowledge or information regarding the second sentence of paragraph 36 and therefore denies the allegations in paragraph 36.

23.  Defendant lacks knowledge or information regarding the allegations contained in paragraph 37 and therefore denies the allegations contained in paragraph 37.

24.  Defendant denies the allegations contained in paragraph 38.

25.  Defendant admits that it has filed an arbitration against Royal Alliance among other Respondents, but denies the remainder of the allegations contained in paragraph 39.

26.  Defendant denies the allegations contained in paragraph 40, and states that Royal Alliance, a member of FINRA, is bound to arbitrate this dispute under FINRA Rules.

27.  Paragraphs 41 and 43 do not require an Answer.

28.  Defendant denies the allegations contained in paragraphs 42, 44, 45, 46, and 47 and denies that Royal Alliance is entitled to the relief sought in Count I and Count II.

29.  Any allegations contained in the Complaint which are not expressly admitted herein are denied.

In further Answer, Defendant hereby states and alleges additional facts and its additional grounds of defense as follows:

1. As set out more fully in the Statement of Claim (Exhibit A to the Complaint) which is incorporated herein, Defendant's arbitration claim against Royal Alliance is based upon Royal Alliance's acquisition of United Securities Alliance, a former FINRA member. Defendant was a customer of United Securities Alliance and its representative (Ackerman) regarding United Securities Alliance's sale to Defendant of a security in the form of an LLC interest in a piece of commercial real estate. United Securities Alliance's and Mr. Ackerman's misrepresentations and omissions in regard to the sale have resulted in the loss of the entire investment and caused Defendant to suffer over $1,800,000 in losses and damages.

2. Defendant's claims against Royal Alliance are based upon its status as the successor in interest to United Securities Alliance and Defendant alleges that Royal Alliance is the successor in interest to United Securities Alliance.

3. Royal Alliance is a member of FINRA (formerly the NASD) and is therefore bound by its Rules, and specifically bound by its customer arbitration Rules.

4. As set out in FINRA Rule 12413, "The panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties."

5. FINRA Rules prohibit the filing of Royal Alliance's Complaint for Declaratory Judgment. Specifically, FINRA Rule 12209 states: "During an arbitration, no party may bring any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration."

6. The "during an arbitration" requirement has been met in that the parties are currently proceeding through the arbitration process. Royal Alliance's counsel in fact requested and

received an extension of time to file an Answer in the arbitration without any mention of the fact that it intended to file an action in court and attempt to stay the arbitration.

7. Royal Alliance is now attempting to litigate one of the "matters raised in the arbitration." Specifically, the basis for Royal Alliance's inclusion in the Statement of Claim was its acquisition of United Securities Alliance and its status as a successor-in-interest. Royal Alliance is now, during the arbitration, asking this court to enter an injunction against the arbitration based on Royal Alliance's allegation that it "is not a successor to United Securities…" (Par. 38 of Complaint), a matter raised in the arbitration under Rule 12209.

8. Royal Alliance's actions also constitute a violation of FINRA Rule 2110 requiring that member firms act in compliance with just and equitable principles of trade. Specifically FINRA IM-12000 states:

> "It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:
> (a) fail to submit a dispute for arbitration under the NASD Code of Arbitration Procedure ("Code") as required by the Code…"

9. The new FINRA Arbitration Rules which went into effect on April 16, 2007 clearly mandate that Royal Alliance is required to arbitrate the issues raised in the Statement of Claim. (For unknown reasons, Royal Alliance relies in its Complaint for Declaratory Judgment on the now obsolete and superseded old NASD/FINRA Arbitration Rules). As a FINRA member, Royal Alliance is bound by FINRA Rules and Defendant is entitled to enforce those Rules against Royal Alliance.

10. FINRA Rule 12200 specifically provides that:

"Parties must arbitrate a dispute under the Code if:
- Arbitration under the Code is either:

1. Required by a written agreement, or
2. Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and
- The dispute arises in connection with the business activities of the member or the associated person, …"

11. A "customer" is defined by FINRA Rule 12100(i) as: "A customer shall not include a broker or dealer."

12. The present situation involves a customer (Branch Avenue Plaza, L.P.) who has met the request for arbitration requirement by filing the arbitration. The second prong of the Rule is met because the arbitration is between a member (Royal Alliance) and a customer. The third prong of the Rule is also met as the dispute with Royal Alliance is in connection with its business activities (its alleged acquisition of United Securities Alliance and status therefore as a successor in interest). Accordingly, Royal Alliance is required as a member of FINRA to arbitrate this dispute and its attempt to seek an injunction against the arbitration should be denied.

13. Royal Alliance argues in its Complaint that Defendant Branch Avenue is not a "customer of Royal Alliance." Yet, this alleged requirement is not found in the FINRA Rules. As set out in the quote of Rule 12200 above, the Rule does not require that the "customer" relationship be with the member involved in the arbitration, it just requires that the arbitration be between a "customer" and a "member" which is the case here. Thus, Royal Alliance is required to arbitrate.

14. Even if one assumes that FINRA Rules require that Defendant be a customer "of" Royal Alliance to force arbitration, the facts as alleged and relevant caselaw meet this

requirement.

15. The Court in <u>Washington Square Securities, Inc. v. Aune</u>, 385 F.3d 432 (4th Cir. 2004) has held that "[t]he NASD Code constitutes an "agreement in writing" under the Federal Arbitration Act, 9 U.S.C. § 2, which binds Washington Square, as an NASD member, to submit an eligible dispute to arbitration upon a customer's demand." <u>Id.</u> at 435. Royal Alliance is thus also bound by the FINRA Rules and the Federal Arbitration Act to arbitrate this dispute.

16. Defendant has alleged in the arbitration that Royal Alliance is the successor in interest to United Securities. Because there is no dispute that United Securities is bound to arbitrate this matter, it legally and logically follows that its successor in interest is also bound, just as a successor in interest is bound as liable for the acts of its predecessor.

17. Plaintiff's Complaint is further barred by the following additional grounds of defense and affirmative defenses: Plaintiff has failed to state a claim upon which relief can be granted, unclean hands, waiver, estoppel, and Plaintiff is not entitled legally or factually to the relief sought.

WHEREFORE, for the foregoing reasons, Defendant moves this Honorable Court to:

A. Deny Plaintiff the relief sought in its Complaint and dismiss its claims;

B. Declare and Order Plaintiff to arbitrate the dispute pursuant to FINRA Rules and the Federal Arbitration Act;

C. As an alternative to denying Plaintiff's claims without the taking of evidence on the issue of whether or not Royal Alliance is a successor in interest to United Securities Alliance, should the court consider this factual issue, Defendant moves that the court find that Royal Alliance is a successor in interest to United Securities Alliance;

D.  Award Defendant its costs, fees, and attorney's fees associated with this matter; and

E.  Award such other and further relief as the Court shall deem just and proper.

                                           BRANCH AVENUE PLAZA, L.P.,
                                           By Counsel,

GRECO & GRECO, P.C.
1300 Old Chain Bridge Road
McLean, Virginia  22101
Telephone (703) 821-2777
Facsimile (703) 893-9377

By:      /s/_____
        W. Scott Greco (VSB # 37341)
        wsgreco@grecogrecolaw.com
        Frederick D. Greco (VSB #4812)
        Counsel for Defendant Branch Avenue Plaza, L.P.

**Certificate of Service**

       I hereby certify that on the 2nd day of June, 2008 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Marianne Roach Casserly, Esquire
Counsel for Plaintiff
ALSTON & BIRD
950 F Street NW
Washington, DC 20005

                               ____/s/_____
                               W. Scott Greco (VSB # 37341)
                               Counsel for Defendant Branch Avenue Plaza
                               GRECO & GRECO, P.C.
                               1300 Old Chain Bridge Road
                               McLean, Virginia  22101
                               Telephone (703) 821-2777
                               Facsimile (703) 893-9377
                               wsgreco@grecogrecolaw.com